Elliott J. Stein
Bradley L. Mitchell
**STEVENS & LEE, P.C.**
A Pennsylvania Professional Corporation
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500

*Attorneys for Plaintiff*
*NOAH BANK*

---

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NOAH BANK, a banking institution chartered under the laws of the Commonwealth of Pennsylvania, | ) ) ) | Civil Action No.: 1:16-cv- |
| | ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | **AND JURY DEMAND** |
| | ) | |
| NOA BANK, a banking institution chartered under the laws of the State of Georgia, JUNG HO KIM, a citizen of the State of Georgia, DAVID SUH (Byung Chan Suh), a citizen of the Commonwealth of Pennsylvania and DOES I through X, inclusive, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## COMPLAINT

Noah Bank (hereinafter, "NOAH"), by its attorneys, Stevens & Lee, P.C., says as and for

its Complaint against NOA Bank (hereinafter, "NOA"), Jung Ho Kim ("Kim"), Byung Chan Suh

also known as David Suh ("SUH") and DOES I through X (hereinafter, "DOES I – X"),

inclusive:

## THE PARTIES

1.      NOAH is a bank chartered by the Pennsylvania Department of Banking with its principal offices in Elkins Park, Pennsylvania.

2.      NOA is a bank chartered by the Georgia Department of Banking and Finance with principal offices in Duluth, Georgia, and conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

3.      KIM is a citizen of the State of Georgia who conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

4.      SUH is a citizen of the Commonwealth of Pennsylvania who conducts business in this District and is, therefore, subject to the jurisdiction of this Court.

5.      The identity, organization and location of the DOES are presently unknown but, upon information and belief, all of the Defendants DOES I – X are subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

6.      This is an action for trademark infringement, false designation of origin and description and unfair competition in violation of the Lanham Act as well as for numerous state law and common law causes of action.

7.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act) and 28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and pendent competition claims).

04/08/2016 SL1 1409076v2 107379.00013

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2).

### FACTS COMMON TO ALL COUNTS

9.     NOAH was formed in 2004 as the Royal Asian Bank.

10.     From its inception, NOAH provided banking services, including on-line banking; banking by telephone; mortgage banking; investment banking; credit card services; loans and banking consultation services tailored to the needs of Korean-American consumers and businesses.

11.     To promote these services, NOAH adopted the trademark "NOAH BANK" and a stylized design that suggests "NOAH BANK" in the Korean language as depicted below (the "Design"):

# 노아은행

12.     The trademark "NOAH BANK" and the Design became so closely associated with NOAH that, in June 2007, NOAH filed an application to register the trademark "ROYAL ASIAN BANK – THE NOAH BANK" with the United States Patent and Trademark Office ("USPTO"). That application was granted in August 2008 (to the then holding company for NOAH), and the USPTO issued U.S. Registration No. 3,493,564 to NOAH.

13.     On June 19, 2008, NOAH filed an application with the USPTO to register a trademark incorporating the Design. That application was granted in February 2009, and the USPTO issued U.S. Registration No. 3,572,016 to to the then holding company for NOAH.

3

14.     On June 7, 2011, the Pennsylvania Department of Banking approved NOAH's application to change its name to "Noah Bank".   [NOAH later abandoned the Registered Trademark for "ROYAL ASIAN BANK – THE NOAH BANK" and for the Design trademark.]

15.     On February 11, 2015, NOAH filed an application with the USPTO to register the trademark "NOAH BANK".   That application was granted in March 2016, and the USPTO issued U.S. Registration No. 4,920,899 (the "Registered Trademark") to NOAH. (A copy of the Certificate for the Registered Trademark is attached as Exhibit A.)

16.     The registration for the Registered Trademark is valid and subsisting and the REgistered Trademark and associated goodwill have become valuable assets of NOAH.

17.     NOAH also has a pending application before the USPTO, filed on February 10, 2015, to register the trademark depicted below (the "Applied-for Trademark"):



18.     NOAH has used the trademark "NOAH BANK" and the Design trademark (in one or another form) in connection with the marketing of its banking services in interstate commerce continuously since 2005 and they have acquired significant secondary meaning.

19.     During such period, NOAH has maintained a website at www.noahbank.com and has widely advertised its banking services in the States of New York, New Jersey, Pennsylvania and Maryland.   NOAH's website offers information about NOAH's banking services in both the English and Korean languages and makes use of the Registered Trademark and the Applied-for Trademark.

4

20.     The Registered Trademark and the Applied-for Trademark are highly distinctive and have come to identify and distinguish the banking services offered by NOAH from services offered by others and to symbolize the source, high quality and reliability of the services offered by NOAH.  The Registered Trademark and Applied-for Trademark, together with the associated goodwill, have become valuable assets of NOAH and are protected under federal and state law.

21.     Currently, NOAH maintains branches in all three (3) states and has deposits totaling over a quarter of a billion U.S. dollars.

22.     NOAH has over seventy-five (75) employees.  Defendant SUH was an employee of NOAH from January 2013 until November 2015.

23.     Defendant SUH served as an Executive Vice President and Senior Lender for NOAH and his e-mail address at NOAH was dsuh@noahbank.com.

24.     In his role as Executive Vice President and Senior Lender, SUH had access to NOAH's most valuable confidential information, including, but not limited to details about NOAH's borrowers, their personal information and even the details of their borrowing history (the "Confidential Information").

25.     The aforementioned Confidential Information are trade secrets of NOAH that have been closely guarded by NOAH and NOAH has adopted a Board of Directors and Employee Code of Conduct Policy (the "Policy") which specifically states the obligations of NOAH's employees to protect NOAH's Confidential Information.

26.     The Policy provides:

*No covered person shall use or disclose any confidential information obtained from the Bank except for the proper conduct of the business of the Bank.*

5

*No covered person shall disclose any confidential information presented or discussed at any meeting held by, or otherwise communicated within, the Bank, including without limitation any meeting of or other communication to any Board of Directors, advisory board, management meeting or employee meeting. It is especially important that strict confidence be maintained as to all information and discussions at the Board level.*

*These restrictions on the communication of any confidential information by covered persons include communication of such information to immediate family members, except as may be required for the proper conduct of the Bank's business.*

*The restrictions on use, disclosure or communication of confidential information in this Code of Conduct shall continue to apply to a covered person indefinitely after such person is no longer associated in any manner with the Bank.*

*Any questions about the use, disclosure or communication of confidential information about the Bank, any customer or any other party, should be addressed to the Bank's Chairman or President.*

27.    Defendant SUH, upon being hired by NOAH, agreed, as a condition of his employment, to be bound by and conform to the Policy and, while employed by NOAH, was required to periodically review and acknowledge his understanding of the Policy.

28.    After Defendant SUH left NOAH, counsel for NOAH wrote to Defendant SUH to remind him of his obligations under the Policy, including his obligation to "..maintain the confidentiality of [NOAH's] trade secrets and customer information forever."   Counsel also demanded that Defendant SUH immediately return all of NOAH's customer information in his possession to NOAH.  SUH refused to do so.

29.    NOAH subsequently learned that Defendant SUH had accepted a newly-created position as "FVP and LPO manager" for NOA to open a loan production office for NOA in New York.

04/08/2016 SL1 1409076v2 107379.00013

30.     Prior to 2016, NOA had no offices in the States of New York, New Jersey or Pennsylvania.

31.     NOA was formed in November 2008 as a community bank in Duluth, Georgia.

32.     NOA took its name from its geographic location – North of Atlanta – and later opened branches in surrounding communities in Dekalb and Fulton Counties in Georgia.

33.     NOA is privately held and tightly controlled by Defendant KIM, its chief executive officer.

34.     Upon information and belief, sometime in 2015, Defendant NOA, Defendant KIM, Defendant SUH and Defendants Does I – X, with knowledge of NOAH and its success in marketing banking services to the Korean-American community in the States of New York, New Jersey, Pennsylvania and Maryland, adopted a scheme to unlawfully steal away NOAH's business and reputation.

35.     Cognizant of NOAH's excellent reputation in the Korean-American communities in the States of New York, New Jersey, Pennsylvania and Maryland, the Defendants concocted a scheme to adopt and use confusingly similar trademarks to those used by NOAH – both in English and in the Korean language, including, but not limited to, the Registered Trademark and the Applied-for Trademark.

36.     Among the confusingly similar trademarks adopted was the Design trademark that has been used by NOAH since 2005 (and is part of the Applied-for Trademark).

37.     In this way, the Defendants schemed to steal away NOAH's business by confusing NOAH's customers and potential customers.

7

38.     As part of their scheme Defendant NOA, Defendant KIM and Defendants Does I -
X hired Defendant SUH to be their public face in in the States of New York, New Jersey,
Pennsylvania and Maryland.

39.     Defendant SUH brought with him NOAH's Confidential Information which was
invaluable in his efforts to steal away NOAH's past and present customers.

40.     Additionally, many of NOAH's past and present customers who were familiar
with Defendant SUH (dsuh@noahBank.com) were believed that they were dealing with NOAH
when contacted by or contacting Defendant SUH at NOA (dsuh@noabank.com).

41.     In furtherance of the Defendants' scheme, NOA opened its New York office on or
about March 1, 2016, only blocks away from NOAH's Manhattan branch.

42.     In furtherance of the Defendants' scheme, NOA targeted its advertising of its New
York office to the Korean-American communities "…in New York, New Jersey and the
Northeast market…" and stated that NOA was "…working towards opening a branch soon."

43.     In its advertising and promotion, NOA touted the fact that Defendant SUH had
served the Korean-American community in the New York area for many years.

44.     In some of the advertisements, NOA mentioned that "…there already exists Noah
Bank in New York"; in others – primarily those in the Korean language – it did not.

45.     The unlawful actions of the Defendants has had the effect that the Defendants
intended: NOAH's customers and prospective customers are confused.   Many have called
NOAH's offices to voice their confusion.   Doubtless, others have contacted NOA believing that
they were communicating with NOAH.

8

46.     NOAH has been damaged by the unlawful actions of the Defendants and will continue to be damaged by such actions.

47.     The unlawful conduct of the Defendants is willful and the damage being inflicted upon by the Defendants has been inflicted intentionally.

48.     Even before NOA opened its New York office, NOAH demanded that NOA abandon its unlawful scheme but NOA refused.

## CAUSES OF ACTION

### COUNT ONE

#### INFRINGEMENT OF THE REGISTERED TRADEMARK

49.     NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     NOA has infringed the Registered Trademark in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of one or more infringing trademarks each of which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark in the sale, offering for sale, promotion and advertisement of NOA's goods and services which goods and services are not those of NOAH.

51.     Defendant KIM, Defendant SUH and Defendants DOES I – X have induced NOA to infringe and have themselves vicariously and contributorily infringed the Registered Trademark in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of one or more infringing trademarks each of which is a reproduction, counterfeit, copy or colorable imitation of the Registered Trademark in the sale,

9

offering for sale, promotion and advertisement of NOA's goods and services which goods and services are not those of NOAH.

51.     Such infringement has been direct and indirect, primary and secondary.

52.     The Defendants' continued use of the infringing trademarks which are reproductions, counterfeits, copies or colorable imitations of the Registered Trademark is without the permission or authority of NOAH and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

53.     The Defendants' continued use of the Registered Trademark or reproductions, counterfeits, copies or colorable imitations thereof in connection with the offering of services has been made notwithstanding NOAH's well-known and prior established rights in the Registered Trademark and with both actual and constructive notice of NOAH's Registered Trademark including under 15 U.S.C. § 1072.

54.     The Defendants' continued infringement of NOAH's Registered Trademark has been and continues to be willful, entitling NOAH to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

55.     The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business, its reputation and goodwill in the Registered Trademark for which NOAH has no adequate remedy at law.

**COUNT TWO**

**FEDERAL UNFAIR COMPETITION
LANHAM ACT, 15 U.S.C. § 1125(A)**

04/08/2016 SL1 1409076v2 107379.00013

56.     NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.     The Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH, as used in connection with Banking services, is distinctive, associated with the high quality of the services offered by NOAH and has become closely associated with NOAH through continuous, extensive and widespread use of the Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH.

58.     The infringing marks are used by the Defendants to offer banking services to customers.

59.     Defendants' use of the infringing marks is likely to cause confusion, mistake or to deceive consumers as to an assumed affiliation, connection or association of NOA with NOAH, or to cause confusion, mistake or to deceive consumers as to the source, sponsorship or approval of NOA's services, thereby entitling NOAH to relief under 15 U.S.C. § 1125(a).

60.     Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of NOAH's rights.

61.     The Defendants' continued infringement of NOAH's Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH has been and continues to be willful, entitling NOAH to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

11

62.    The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business, its reputation and goodwill in the Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH for which NOAH has no adequate remedy at law.

### COUNT THREE

#### FALSE DESIGNATION OF ORIGIN AND DESCRIPTION
#### LANHAM ACT, 15 U.S.C. § 1125(A)

63.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.    Defendants' use in commerce of the infringing marks – trademarks that are confusingly similar to the Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH – as trade names or trademarks for banking services offered to customers constitutes a false designation of origin and description by creating the appearance and impression that NOA's banking services are those of NOAH when, in fact, they are not.

65.    By engaging in such conduct, Defendants have engaged in false designation of origin and false designation of sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a).

66.    Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of NOAH's rights.

12

67.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

68.     The Defendants' continued unlawful activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business, its reputation and goodwill in the Registered Trademark and Applied-for Trademark and other trademarks adopted and used by NOAH for which NOAH has no adequate remedy at law.

### COUNT FOUR

### UNLAWFUL DILUTION IN VIOLATION OF NY GEN. BUS. LAW § 360-L

69.     NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, as though fully set forth herein.

70.     By engaging in the aforementioned conduct, Defendants have violated the New York anti-dilution statute codified at NY Gen. Bus. Law § 360-l in that they have injured the business reputation of NOAH and diluted the distinctive quality of its services and blurred the distinctiveness of NOAH's trade name, trademarks and business reputation.

71.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful.

72.     The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

### COUNT FIVE

13

## UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER NY GEN. BUS. LAW § 349

73.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, as though fully set forth herein.

74.    By engaging in the aforementioned conduct, Defendants have violated the New York Unlawful Deceptive Acts and Practices Law codified at NY Gen. Bus. Law § 349 in that they have attempted to mislead and have misled customers and prospective customers of NOAH in a material way as to the source and provider of goods and services, thereby injuring NOAH.

75.    The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to recover its damages and reasonable attorney's fees.

76.    The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

### COUNT SIX

### FALSE ADVERTISING UNDER NY GEN. BUS. LAW § 350

77.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.    By engaging in the aforementioned conduct, Defendants have violated the New York Unlawful False Advertising Law codified at NY Gen. Bus. Law § 350 in that they have disseminated materially false and misleading advertising which has misled the public as to the source and provider of goods and services, thereby injuring NOAH.

14

04/08/2016 SL1 1409076v2 107379.00013

79.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to recover its damages and reasonable attorney's fees.

80.     The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

### COUNT SEVEN

### MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

81.     NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, as though fully set forth herein.

82.     NOAH's trade secrets and confidential information gives uses NOAH an advantage over competitors who do not know or use it.

83.     The Defendants have misappropriated and used the trade secrets and confidential information of NOAH to compete with NOAH.

84.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to recover its damages, including punitive damages.

85.     The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

### COUNT EIGHT

### UNFAIR COMPETITION UNDER NEW YORK LAW

04/08/2016 SL1 1409076v2 107379.00013

86.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, as though fully set forth herein.

87.    By engaging in the aforementioned conduct, including, but not limited to, the use of infringing trademarks and the misappropriation and use of NOAH's trade secrets and confidential information, Defendants have unlawfully and unfairly competed with NOAH under New York law.

88.    The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to recover its damages, including punitive damages.

89.    The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

## COUNT NINE

### UNLAWFUL USE OF NAME WITH INTENT TO DECEIVE

90.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 89, inclusive, as though fully set forth herein.

91.    Defendants have used the name "Noa Bank", the website at www.noabank.com and e-mail addresses like dsuh@noabank.com to deceive and mislead the public in violation of the laws of the State of New York and to the detriment and damage of NOAH.

92.    In so doing, Defendants have intended that intended that the public would believe that they were dealing with NOAH, that maintained a website at www.noahbank.com and e-mail addresses like dsuh@noahbank.com.

16

93.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to recover its damages, including punitive damages.

94.     The Defendants' continued wrongful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

## COUNT TEN

### BREACH OF CONTRACT (DEFENDANT SUH ONLY)

95.     NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 94, inclusive, as though fully set forth herein.

96.     The Policy is a binding contract to which Defendant SUH is a party.

97.     By engaging in the conduct aforementioned, Defendant SUH repeatedly and materially breached his contract with NOAH.

98.     Defendant SUH's repeated and material breaches of his contract with NOAH has been and continues to be willful, entitling NOAH to recover its damages occasioned thereby.

99.     Defendant SUHs' repeated and material breaches of his contract with NOAH has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

## COUNT ELEVEN

### BREACH OF FIDUCIARY DUTY (DEFENDANT SUH ONLY)

17

100.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 99, inclusive, as though fully set forth herein.

101.    As an Executive Vice President of NOAH, Defendant SUH had a fiduciary duty to protect NOAH's trade secrets and confidential information.

102.    By engaging in the conduct aforesaid, Defendant SUH repeatedly breached his fiduciary duty to NOAH for his own interest and benefit.

103.    Defendant SUH's breaches of his fiduciary duty NOAH have been and continue to be willful, entitling NOAH to recover its damages, including punitive damages, occasioned thereby.

104.    Defendant SUHs' breaches of his fiduciary duty to NOAH has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation.

## COUNT TWELVE

### UNJUST ENRICHMENT

105.    NOAH hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 104, inclusive, as though fully set forth herein.

106.    By engaging in the aforementioned conduct, the Defendants have been and will be unjustly enriched at the expense of NOAH.

107.    The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling NOAH to damages including exemplary and punitive damages.

04/08/2016 SL1 1409076v2 107379.00013

108.    The Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to NOAH, its business and its reputation for which NOAH has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, NOAH prays that the Court grant it the following relief:

A.      An award of damages to NOAH, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to each cause of action) to be assessed, jointly and severally, against Defendants NOA, KIM, SUH and the Defendants DOES I – X; and

B.      A preliminary and/or permanent injunction restraining all of the Defendants, together with their officers, employees, agents, successors and assigns and all others acting for, by, or in concert with any of them, from adopting, using or displaying any trade name or trademark that is confusingly similar with the Registered Trademark, the Applied-for Trademark or any confusingly similar trade name or trademark; and

C.      An Order requiring the Defendants to surrender Uniform Resource Locators www.noabank.com and related Uniform Resource Locators; and

D.      An Order requiring the Defendants, and each of them, to account to NOAH for their profits resulting from their unlawful conduct; and

E.      An Order requiring Defendants to destroy all materials bearing or incorporating any of the infringing trade names or trademarks; and

F.      An award of attorneys' fees and costs (as appropriate); and

G.      Such other relief as the Court deems just and equitable under the circumstances.

19

04/08/2016 SL1 1409076v2 107379.00013

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: April 11, 2016

Elliott J. Stein (ejs@stevenslee.com)
Bradley L. Mitchell (blm@stevenslee.com)
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500

*Attorneys for Plaintiff*
*NOAH BANK*

20